UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GABRIELLE MCCOLLOUGH and CAMERON SEAL Individually, and on behalf of themselves and all other similarly situated current and former employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.:  3:24-cv-153-KAC-JEM |
| FLYING HORSE, INC., | ) ) | |
| Defendant. | ) ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is the Parties' "Joint Motion to Dismiss and Compel Arbitration" [Doc. 8] in which the Parties request an order "dismissing this civil action and compelling the parties to arbitrate this dispute" under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA") [*See* Doc. 8 at 1]. Plaintiffs are "former employees of Defendant" [Doc. 9 at 1]. Defendant has an Employment Arbitration Policy in place, providing for the individual arbitration of "all employment-related disputes" [*See* Doc. 9-1 at 1]. Plaintiffs each signed that Employment Arbitration Policy [*See* Doc. 9 at 1]. The Parties all acknowledge that (1) they agreed to arbitrate employment-related disputes in the Employment Arbitration Policy, (2) the Employment Arbitration Policy covers this dispute, and (3) the claims in this action are "appropriate for arbitration" [*See* Doc. 9 at 3-4].

Under the FAA, agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act expresses "a liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 584

U.S. 497, 505-06 (2018) (citations omitted). When considering a motion to compel arbitration, a court must determine: (1) "whether the parties agreed to arbitrate;" (2) "the scope of that agreement;" and (3) "if federal statutory claims are asserted, . . . whether Congress intended those claims to be nonarbitrable." *See McGee v. Armstrong*, 941 F.3d 859, 865 (6th Cir. 2019) (quotation omitted). Under Section 3 of the FAA, the Court "shall" "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement" if it is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. In *Smith v. Spizzirri*, the Supreme Court recently confirmed that, "when a district court finds that a lawsuit involves an arbitrable dispute," Section 3 "compels the court to stay the proceeding," not dismiss the action. 601 U.S. 472, 475-78 (2024) ("[T]he court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration").

The FAA compels the arbitration of this action. The Parties agree that the Employment Arbitration Policy requires arbitration of this action, they are bound by the Policy, and it is appropriate to arbitration their dispute [*See* Doc. 9 at 3-4]. And the Court sees no reason to question their agreement. But the Parties asked the Court to dismiss this action [*see* Doc. 8 at 1]. In *Smith*, the Supreme Court confirmed what the Sixth Circuit had already suggested—staying the proceedings, rather than dismissing the action, is the appropriate result. *See Smith*, 601 U.S. at 475-78; *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941-42 (6th Cir. 2021) (confirming pre-*Smith* that the text of the FAA "conveys a mandatory obligation" that "a district court should enter a stay in the normal course").

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Parties' "Joint Motion to Dismiss and Compel Arbitration" [Doc. 8]. The Parties **SHALL** arbitrate this dispute. The Court **STAYS** this action pending the conclusion of arbitration. All hearings and deadlines

2

are **STAYED**. Within fourteen (14) days of the conclusion of arbitration, the Parties **SHALL**

**NOTIFY** the Court of the outcome of the proceedings. Additionally, the Parties **SHALL** file a

status report within six (6) months of the entry of this Order and at three-month intervals thereafter

until the arbitration proceedings conclude. **Failure to timely file the required reports will result**

**in the dismissal of this action under Rule 41(b) for failure to comply with a Court Order.** *See*

Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736

(6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority

to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the

court"); *see also Smith*, 601 U.S. at 476 n. 2 (confirming that a Court may dismiss a suit subject

to arbitration "if there is a separate reason to dismiss, unrelated to the fact that an issue in the case

is subject to arbitration"). The Court **DIRECTS** the Clerk to administratively close this case.

       SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

3